IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | |
|---|---|
| SHILOH MISSILDINE and       )<br>ASHLEY BARLETT MISSILDINE, )<br>Individually and as the    )<br>Next Friends and Natural    )<br>Parents of M.M., a Minor,   )<br>                            )<br>     Plaintiffs,            )<br>                            )<br>     v.                     )<br>                            )<br>COMMUNITY ACTION COMMITTEE, )<br>INC.; et al.,              )<br>                            )<br>     Defendants.            )  | CIVIL ACTION NO.<br>2:09cv419-MHT<br>(WO) |

OPINION AND ORDER

Plaintiffs Shiloh Missildine and Ashley Barlett Missildine, individually and as the next friends and natural parents of M.M., a minor, filed this lawsuit against several defendants, including Virginia Robinson.[*] The Missildines charge violations of Title IX of the

───────────────

[*] They name Robinson as a defendant individually and in her official capacity as director of another defendant, Community Action Agency of Chambers-Tallapoosa-Coosa, doing business as V. Robinson Head Start.

Education Amendments of 1972, as amended, 20 U.S.C. § 1681(a) and assert the following state-law claims: invasion of privacy; outrage; assault and battery; negligent, wanton and malicious training, supervision and retention; and false imprisonment. Jurisdiction over the Missildines' federal claims is proper under 28 U.S.C. § 1331 (federal question). Jurisdiction over their state-law claims is appropriately invoked pursuant to 28 U.S.C. § 1367 (supplemental).

This lawsuit is before the court on Robinson's motion to dismiss pursuant Fed. R. Civ. P. 12(b)(5) and 4(m). For the reasons that follow, that motion will be denied.

## I.  BACKGROUND

A brief chronology of this lawsuit is warranted:

- May 8, 2009: The Missildines filed their initial complaint.

- August 11, 2009: The Missildines attempted to serve process on each defendant by certified mail.

- August 14, 2009: The Missildines filed an amended complaint.

- September 8, 2009: Robinson joined five other defendants in filing an answer to the amended complaint.

- September 18, 2009: The summons and complaint intended for Robinson were returned to the clerk of the court and the following docket entry was made: "Mail Returned as Undeliverable.  Summons and Complaint sent to Virginia Robinson returned with the notation: 'unclaimed.'"

- September 21, 2009: The parties, including counsel for Robinson, participated in a planning meeting, pursuant to Fed. R. Civ. P. 26(f).

- September 24, 2009: The court issued a scheduling order, providing defendants until June 21, 2010, to file motions to amend the pleadings and to add parties.

- October 15, 2009: Robinson filed the instant motion to dismiss for failure to serve her with process within the 120-day period provided by Fed. R. Civ. P. 4(m).

- October 16, 2009: The court set the motion to dismiss for submission, without oral argument, on October 30, 2009.

- October 30, 2009: The Missildines requested additional time--until November 3--to respond to Robinson's motion to dismiss. They explained that, among other things, "the brief extension would allow time to discuss the attempts at personal service made by the investigator employed by ... [their] counsel." Mot. at 1 (Doc. No. 43).

- November 3, 2009: The Missildines personally served Robinson with a summons and complaint.

## II.  DISCUSSION

A plaintiff must serve process on a defendant "within 120 days after the complaint is filed." Fed. R. Civ. P. 4(m). If she fails to do so, "the court--on motion or on its own after notice to the defendant--must dismiss the action without prejudice against the defendant or order that service be made within a specified time." Id. The

Missildines do not dispute that they failed to serve Robinson within the 120-day period. Rather, they move the court to grant additional time to serve Robinson, so as to make effective their November 3 service of process.

"[I]f the plaintiff shows good cause for the failure [to serve within 120 days of filing a complaint], the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m). The good-cause standard can be difficult to meet, as it "exists 'only when some outside factor[,] such as reliance on faulty advice, rather than inadvertence or negligence, prevented service.'" Lepone-Dempsey v. Carroll County Comm'rs, 476 F.3d 1277, 1281 (11th Cir. 2007) (citation omitted) (alteration in original). But, "[e]ven in the absence of good cause, a district court has the discretion to extend the time for service of process." Id. Indeed, the Eleventh Circuit Court of Appeals has held that, "when a district court finds that a plaintiff fails to show good cause[,] ... the district court must still consider

5

whether any other circumstances warrant an extension of time based on the facts of the case." Id. at 1282. "Only after considering whether any such factors exist may the district court exercise its discretion and either dismiss the case without prejudice or direct that service be effected within a specified time." Id.

The Missildines offer several reasons for their failure timely to serve Robinson. Although none of these reasons amounts to good cause, they are sufficient to warrant the extension necessary to make effective the November 3 service of Robinson.

The Missildines' failure to serve Robinson within the 120-day period was caused by a not-uncommon problem: they simply had an incorrect address. Unfortunately, their attempt at service was not returned as undeliverable until more than a month after it was mailed. To be sure, the Missildines could perhaps have avoided this problem by attempting to serve Robinson soon after filing their complaint; instead, they waited approximately three

months. Their delay, however, has not gone unexplained. They maintain that from the time they filed their complaint "until approximately late-July, 2009, [their] counsel ... was engaged in a good faith discussion of this case with a representative of the defendants' insurance company ... [a]nd, by agreement, [they] did not attempt service on any defendant while those discussions evolved." Pl.'s Resp. at 1 (Doc. No. 47).

Following notice that their first attempt at service had failed, the Missildines did not simply give up on serving Robinson. Rather, they ultimately employed an investigator to locate and serve her.

It is also noteworthy that Robinson has failed to identify any specific prejudice caused by the delay in service. In fact, Robinson filed an answer to the Missildines' complaint on September 8 and her counsel participated in the Rule 26(f) planning meeting on September 21.

***

For the foregoing reasons, it is ORDERED as follows:

(1) Defendant Virginia Robinson's motion to dismiss (doc. no. 40) is denied.

(2) Plaintiffs Shiloh Missildine and Ashley Barlett Missildine are granted an enlargement of time, until November 3, 2009, to serve a summons and complaint on defendant Virginia Robinson.

DONE, this the 1st day of April, 2010.

      /s/ Myron H. Thompson
**UNITED STATES DISTRICT JUDGE**