IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| SHILOH MISSILDINE and ASHLEY BARLETT MISSILDINE, Individually and as the Next Friends and Natural Parents of M.M., a Minor, | ) | |
| Plaintiffs, | ) | |
| v. | ) | CIVIL ACTION NO. 2:09cv419-MHT (WO) |
| COMMUNITY ACTION COMMITTEE, INC.; COMMUNITY ACTION AGENCY OF CHAMBERS-TALLAPOOSA-COOSA, d/b/a V. ROBINSON HEAD START; DAVID BOLEWARE; GENEVA PEARSON; MACK BRADLEY; VIRGINIA ROBINSON; GERRY ANN TOLBERT; and TIMOTHY REESE, | ) | |
| Defendants. | ) | |

OPINION

Plaintiffs Shiloh Missildine and Ashley Barlett Missildine, individually and as the next friends and natural parents of M.M., a minor, filed this lawsuit against the following defendants: Community Action Committee, Inc. and Community Action Agency of Chambers-Tallapoosa-Coosa, Inc., also together known as Community Action Committee of Chambers-Tallapoosa-Coosa, Inc.

("Community Action"), as well as a number of the organization's officers and staff.[1] The Missildines charge that the defendants are responsible for alleged sexual molestation of M.M. by a Community Action employee, defendant Timothy Reese. They assert a federal claim against Community Action under Title IX of the Education Amendments of 1972, as amended, 20 U.S.C. § 1681(a). They also assert various state claims against all defendants.[2] Jurisdiction over the Missildines' federal claim is under 28 U.S.C. § 1331 (federal

---

1. The Missildines identify David Boleware, Geneva Pearson, Mack Bradley, Virginia Robinson, Gerry Ann Tolbert, and Timothy Reese as defendants. Tolbert has indicated that her name should be spelled "Jerri Ann Tolbert."

2. Under state law, the Missildines charge each defendant, with the exception of Reese, with negligence; negligent hiring; negligent training and supervision; wantonness; and negligence per se under the Child Abuse Reporting Act, 1975 Ala. Code, § 26-14-1 et seq. The Missildines bring separate state claims against Community Action and Reese for assault and battery; intentional infliction of emotional distress; invasion of privacy; false imprisonment; and felonious injury under 1975 Ala. Code § 6-5-370.

question). Jurisdiction over their state claims is invoked pursuant to 28 U.S.C. § 1367 (supplemental).

This suit is before the court on a motion for summary judgment filed by all defendants except Reese. For the reasons that follow, the summary-judgment motion will be granted with respect to the Missildines' federal claim, and the Missildines' state claims will be dismissed without prejudice pursuant to 28 U.S.C. § 1367(c).

## I. SUMMARY-JUDGMENT STANDARD

"A party may move for summary judgment, identifying each claim or defense--or the part of each claim or defense--on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The court must view the admissible evidence in the light most favorable to the non-moving party and draw all reasonable inferences in

favor of that party. Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

## II. BACKGROUND

Community Action is an Alabama non-profit corporation that operates a Head Start facility in Alexander City, Alabama. The Head Start program is an early childhood intervention program established to provide comprehensive medical, educational, and social services to low-income families. Community Action receives funding from the federal government to support and administer its Head Start program.

Reese was the custodian of the Alexander City Head Start facility as well as the school's bus driver. Before becoming employed at the school, he underwent a background and criminal history check designed to identify any record of crimes against children. His background check revealed no history of child abuse.

In 2007, the Missildines' three-year-old son, M.M.,

was enrolled in the Alexander City Head Start school. In May 2007, M.M. told his parents that Reese had touched his penis. The following morning, the Missildines accompanied M.M. to the Head Start facility and spoke with Tolbert, the Center Director of the Head Start facility. The Missildines relayed what M.M. had told him: that Reese had inappropriately touched M.M.'s genitals. Tolbert told the Missildines that the school would "take care of it." Missildine Dep. at 28. After the meeting, the Missildines withdrew M.M. from the Head Start program.

In the same month, two other parents came to the school to complain that their child, J.K., had been sexually molested by Reese. Reese was discharged from the school three business days following the parents' complaint.

It is unclear when M.M. made his disclosure to his parents; the Missildines do not recall the day, week, or month when they learned of the alleged molestation. At

a pretrial conference, the parties agreed that M.M. likely disclosed the alleged abuse at some point one to two weeks after J.K.'s parents brought molestation allegations to the school's attention. In addition, M.M. did not tell his parents when Reese had touched him; there is no evidence in the record to indicate whether Reese allegedly abused M.M. before or after J.K.'s parents made their complaint.

## III. FEDERAL CLAIM

Title IX provides that, "No person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance." 20 U.S.C. § 1681(a). A student who suffers sexual abuse by staff of a federally funded school may sue the school for damages under Title IX. Gebser v. Lago Vista Independent School District, 524 U.S. 274, 118 (1998); Franklin v.

**Gwinnett County Pub. Schs., 503 U.S. 60, 75-76 (1992).**

**A school may not be held liable for Title IX violations under a theory of respondeat superior or constructive notice. Gebser, 524 U.S. at 290 ("Title IX is predicated upon notice to an 'appropriate person and an opportunity to rectify any violation.'") (citing 20 U.S.C. § 1682). Title IX liability arises only where "an official of the school district who at a minimum has authority to institute corrective measures on the district's behalf has actual notice of, and is deliberately indifferent to ... misconduct" by school staff. Id. at 277.**

**Thus, a Title IX claim requires three related inquiries at summary judgment. First, the plaintiff must be able to identify an "appropriate person," that is, a school district official with the authority to take corrective measures in response to actual notice of sexual harassment. Floyd v. Waiters, 171 F.3d 1264, 1264 (11th Cir. 1999). Second, the substance of that actual**

**notice must be sufficient to alert the school official of the possibility of a Title IX violation. Gebser, 524 U.S. at 291. Finally, the official with such notice must exhibit deliberate indifference to the harassment. Sauls v. Pierce County Sch. Dist., 399 F.3d 1279, 1284 (11th Cir. 2005).**

**The court will assume that the Missidlines contacted an "appropriate person" when they notified Tolbert, the Center Director of the Head Start school. Therefore, the Missildines must show that Community Action had actual notice of Reese's abuse and that it was deliberately indifferent to the risk of harm to M.M. "Deliberate indifference is an exacting standard; school administrators will only be deemed deliberately indifferent if their response to the harassment or lack thereof is clearly unreasonable in light of the known circumstances." Doe v. Sch. Bd., 604 F.3d 1248, 1259 (11th Cir. Fla. 2010) (internal quotation marks and citation omitted). The standard requires "an official**

**decision by the recipient [of federal funds] not to remedy the violation." Gebser, 524 U.S. at 290.**

**Here, there is no evidence of deliberate indifference because there is no evidence that Community Action staff knew of any danger posed by Reese at the time M.M. was allegedly abused. The Missildines acknowledge that they do not know when M.M. was molested. A Title IX recipient "may not be liable ... unless its deliberate indifference 'subject[s]' its students to harassment." Davis v. Monroe County Bd. of Educ., 526 U.S. 629, 644 (1999). Since the Missildines can provide no evidence that the alleged abuse of M.M. occurred after the school learned that Reese was a threat (for example, after the school had learned about the alleged molestation of J.K.), there is no evidence of deliberate indifference.**

**The court recognizes that M.M. was a very young child at the time of the alleged abuse. Determining relevant facts in a case where a child cannot testify on his own behalf can be a particularly difficult matter.**

Nevertheless, in pursuing a Title IX action against the school, the Missildines bear the burden of presenting evidence of a triable issue of fact. Here, they do not offer the evidence necessary to sustain their claim.

## IV. STATE CLAIMS

The Missildines also bring a variety of state claims against all defendants. This court declines to reach the merits of these claims.

A district court has discretion to decline supplemental jurisdiction over a claim when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Factors to be taken into account include "the values of judicial economy, convenience, fairness, and comity." Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 (1988).[3] Courts are strongly encouraged to dismiss state

---

3. Carnegie-Mellon was decided before the passage in 1990 of 28 U.S.C. § 1367, which expressly authorized (continued...)

**claims when the federal claims have been resolved prior to trial. See id. (concluding that "federal court[s] should decline the exercise of [supplemental] jurisdiction by dismissing the case without prejudice" when the federal law claims have been dismissed prior to trial).**

**In this case, because the court has found against the Missildines on their federal claim prior to trial, their state claims will be dismissed without prejudice. This dismissal will not prejudice the Missildines, for the period of limitations for filing the state law claims in state court will be tolled "for a period of 30 days after it is dismissed unless State law provides for a longer tolling period." 28 U.S.C. § 1367(d).**

---

**(...continued)**
**district courts to decline exercise of supplemental jurisdiction over state-law claims if all claims within the court's original jurisdiction had been dismissed. Nevertheless, Carnegie-Mellon remains useful in analyzing when district courts should decline to exercise supplementary jurisdiction.**

* * *

**Because the Missildines have failed to establish any genuine issues of material fact warranting a trial on their Title IX claim, summary judgment will be entered against them on this claim. The Missildines' remaining state claims will be dismissed without prejudice.**

**An appropriate judgment will be entered.**

**DONE, this the 2nd day of February, 2011.**

**/s/ Myron H. Thompson**
**UNITED STATES DISTRICT JUDGE**